STATE of Missouri, Respondent,

v.

**Bennie HAMMOND, Appellant.**

No. 39935.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 14, 1979.

Robert C. Babione, Public Defender, Joseph Webb, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Michael H. Finkelstein, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., George R. Westfall, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Judge.

Defendant has appealed a judgment of life imprisonment pursuant to a jury verdict which found him guilty of first degree murder. On appeal defendant challenges two trial court rulings made during closing argument—the denial of a mistrial because of the prosecutor's statements about a line-up identification by a witness, and the admittance of comments relating to "reasonable doubt."

Both points raise the issue of permissible oral argument, a matter on which the trial court has wide discretion. *State v. Williams,* 376 S.W.2d 133[7] (Mo.1964). We view defendant's contention of error in light of the " 'utter impossibility of regulating the course of argument with absolute precision.' " *Lineberry v. Robinett,* 446 S.W.2d 481[7] (Mo.App.1969). As ruled in *State v. Jaspar,* 521 S.W.2d 182[2] (Mo.App. 1975), whether objectionable jury argument was so serious as to require a mistrial "rests basically in the sound discretion of the trial court, who was physically present and who could better evaluate the trial flavor." Granting a mistrial for improper closing argument is a harsh remedy, to be exercised only where the overtones of prejudice can be removed by no other means. *State v. Phelps,* 478 S.W.2d 304[8–9] (Mo.1972).

Defendant's first point arose from jury argument about the state's evidence. Two witnesses testified to defendant having shot the victim: A Mrs. Irons saw him shoot the victim and rummage through his pockets; a Mrs. Loggins heard the victim's screams, came to the area, heard a shot, observed the victim on the ground and watched the defendant pass by her as he left the scene.

Mrs. Loggins later failed to identify defendant at a police lineup but at trial testified she had recognized him at that time. She also made a positive in-court identification.

Defendant's first point arises from defense objections during the prosecutor's closing argument concerning the reason witness Loggins had failed to identify defendant at the lineup. In cross examination she made excuses for this, ranging from a comment that defendant had become fuller in the face to declaring that she did not want anything do to with the prosecution. In his jury argument, the prosecutor hypothesized that witness Loggins had failed to identify defendant at the lineup because of fear. Upon sustaining defendant's objection but denying a mistrial, the trial court admonished counsel not to further pursue the reason why Mrs. Loggins had failed to identify the defendant at the lineup. Disregarding this admonition in closing argument, defense counsel commented that Mrs. Loggins failed to identify the defendant at the lineup because "she couldn't identify anyone . . . that's why." Thereafter, in response, the prosecutor argued that Mrs. Loggins had failed to identify anyone at the lineup not because "she couldn't" but rather because she was "afraid." Defendant objected and moved for a mistrial because no evidence supported the prosecutor's statement. The trial court denied a mistrial but admonished the jury that "you will not consider in your deliberations any reason why Mrs. Loggins did not tell the police." Defendant now appeals from the denial of a mistrial.

■ While it is improper for counsel in closing argument to comment on or refer to subject matter not in evidence, if such com-

ment is in retaliation to comments of defense counsel there is no reversible error. *State v. Kirksey,* 528 S.W.2d 536[8] (Mo. App.1975). Here, despite the court's quoted ruling that the jury not consider any reason Loggins did not tell the police and the court's telling both counsel "you'll not pursue it any further," defense counsel argued: "Why didn't she identify anybody at the lineup? Because she couldn't identify anybody at the lineup. That's why."

■ A prosecutor can go further by way of retaliation, in answering arguments of defendant's counsel, than he would be authorized to do in the first instance. *State v. Tiedt,* 206 S.W.2d 524[10] (Mo. banc 1950). Here, defense counsel disregarded the trial court's admonition that there be no further comment on witness Loggins' reason for lack of lineup identification. In so doing, defense counsel provoked the state to retort. We find no abuse of discretion rising to a level requiring a mistrial.

By defendant's second point he contends that in closing argument the state attempted to define "beyond a reasonable doubt" in violation of the Notes on Use of MAI–CR 2.20. The prosecutor stated that "anything less than reasonable doubt would not be enough" nor would "a mere doubt of some sort" but that "reasonable doubt" must be based on "reason."

■ As to this point, we hold that only when counsel attempts to define "reasonable doubt" in closing argument does he venture into impropriety. *State v. Belleville,* 530 S.W.2d 392[4] (Mo.App.1975). As we held in *State v. Wilbon,* 561 S.W.2d 133 (Mo.App.1978), it is not improper to discuss merely "reasonable doubt." Here, the prosecutor's comment was a permissible discussion rather than a definition.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.