**STATE of Missouri, Respondent,**

v.

**Alex SIMMONS, Appellant.**

**No. 41398.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 24, 1980.

Robert C. Babione, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted of second degree murder by a jury and his punishment was assessed by it at twenty years imprisonment. He now appeals from the judgment entered in accordance with the verdict. We affirm.

On May 12, 1978, George Owens was found dead in his car off Cote Brillante. His death had been caused by a gunshot wound to the brain. Defendant was a neighbor of Owens. Another neighbor, Joshua, testified that on May 11 he saw defendant unlock the front door of Owens' house with a key and leave. Joshua then called the police and accompanied them in a search of Owens' house. Defendant later returned to Owens' house with four other men but did not go in. That evening, Owens' relatives called the police again and Joshua suggested that the police speak to defendant.

On May 12, the defendant spoke with homicide detectives; the next day the detectives asked him to return for questioning and he did so. Defendant subsequently made several recorded statements to the police. Defendant stated to the police that he and Owens had gone for a drive in Owens' car on May 11. In his first two statements to the police, defendant said that Owens was sitting in Owens' car and asked defendant to drive him to a service station. Defendant later retracted this explanation for the drive and stated that he had asked Owens to drive him "somewhere," that Owens refused to do so, that defendant then produced a pistol and demanded that Owens move over and allow defendant to drive, and that Owens did so.

Defendant stated that after driving for a while he stopped the car near Cote Brillante and Vandeventer, and tried either to sell his gun to Owens or to borrow money from Owens. At this point, defendant stated that Owens panicked, a struggle over the gun ensued, and the gun went off accidentally. Defendant later retracted this statement, saying that Owens had attempted to get out of the car, and that defendant had grabbed Owens, put the gun to his head, and pulled the trigger. At trial, defendant testified that all four statements made to the police were false, and that he and Owens had been kidnapped by two men unknown to defendant, one of whom shot Owens.

The first assignment of error concerns defendant's request for a protective order in regard to a portion of his first tape recorded statement to the police in which he related an incident between himself and Owens which had occurred in December 1977. Defendant had stated that the two men were seated at Owens' kitchen table arguing about whether defendant had broken Owens' garage door opener, when Owens "got all hysterical and . . . jumped." Defendant grabbed the handle of a knife lying on the table, Owens grabbed the blade, and defendant pulled the blade from Owens' hand, cutting Owens left hand.[1] Owens was taken to the hospital, and had defendant arrested for assault with intent to kill and robbery. From defendant's statement, it appears that Owens' charges were dropped the next day by the authorities and defendant was released from custody.

Following a lengthy pretrial hearing regarding defendant's motion to suppress the statements made to the police, the trial judge ruled that the portion in question here should not be excised. Defendant objected then on the grounds that this portion of the tape was "irrelevant to any issue in the case;" the objection was overruled.

██ On appeal, the defendant argues that the evidence was inadmissible because it constituted evidence of an unrelated offense. In general, evidence of offenses separate and distinct from the crime being tried is held to be inadmissible. *State v. Shilkett*, 356 Mo. 1081, 204 S.W.2d 920 (1947). There are, however, established exceptions to this general rule, allowing admission of "evidence of other crimes . . . to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan . . .; (5) the identity of the person charged . . .." *State v. Reese*, 364 Mo. 1221, 1226, 274 S.W.2d 304, 307 (Mo. banc 1954), *quoting from People v. Molineux*, 168 N.Y. 264, 61 N.E. 286, 294, 62 L.R.A. 193 (1901). *State*

*v. Reese* also approved of applying to the evidence a test of "logical relevancy to the particular . . . purpose . . . for which it is sought to be introduced" in determining whether it should be admitted. 364 Mo. 1221, 1227, 274 S.W.2d 304, 307 (Mo. banc 1954), *quoting from State v. Lyle*, 125 S.C. 406, 118 S.E. 803, 807 (1923).

It is clear that "determination of the materiality and relevancy of evidence is a matter within the discretion of the trial judge." *State v. Proctor*, 546 S.W.2d 544, 545 (Mo.App.1977). On the facts before us, we cannot say that the trial judge abused his discretion in admitting the challenged evidence. Even though defendant explained the injury to Owens as accidental, in the statement which defendant complains of, he also indicated that, because of the December incident, he had not been around the home of Owens after that incident. In at least one of his statements, defendant contended that the shooting of Owens was accidental. We believe that the evidence of the December incident, including the bringing of charges by Owens against defendant, their subsequent dismissal by the authorities, and the relationship between defendant and Owens arising out of that incident was logically relevant to defendant's motive. The evidence could thereby have fallen within at least one of the exceptions to the general exclusionary rule. We therefore find no merit in defendant's first point.

██ Defendant's second assignment of error is that the trial court improperly permitted the prosecutor to ask the venire panel, "Is there anybody here that feels that they would require proof beyond any doubt?" Defendant contends that this question constituted a definition of "reasonable doubt," and was therefore impermissible.

Clearly, it is not the prerogative of counsel to inform the jury as to the law. *State v. Smith*, 422 S.W.2d 50, 68 (Mo. banc 1967). In *State v. Lumsden*, 589 S.W.2d 226 (Mo.

---

1. Owens' sister testified that Owens had lost the use of his right hand some twelve years earlier, and that after this incident, the use of the left hand, as well, was severely impaired.

banc 1979), it was further held that counsel was properly restricted from asking questions of the venire panel regarding the members' conceptions of reasonable doubt. Also, this court has held it to be error, though not prejudicial, when a prosecutor told the panel what burden of proof rests upon the state, and expressly differentiated reasonable doubt from any and all doubt. *State v. Van*, 543 S.W.2d 827, 830 (Mo.App. 1976).

However, this court has also held that it is not error for counsel to merely discuss reasonable doubt without attempting to define it. *State v. Hammond*, 578 S.W.2d 288, 290 (Mo.App.1979); *State v. Wilbon*, 561 S.W.2d 133 (Mo.App.1978). In the case at hand, several factors weigh against concluding that the prosecutor's remark constituted a definition. Unlike the remarks in *State v. Van*, 543 S.W.2d 827 (Mo.App.1976), here, the prosecutor's remark was short, was phrased as a question rather than a statement, and was not explicit in comparing reasonable doubt to any doubt. In addition, the prosecutor did not dwell upon the point or refer to it later in the trial. Finally, the remark did not call upon the panel members themselves to define reasonable doubt, as was the case in *State v. Lumsden*, 589 S.W.2d 226 (Mo. banc 1979). In light of these factors, we conclude that the prosecutor's remark did not constitute a definition of reasonable doubt, and was therefore not erroneous.

For the foregoing reasons, the judgment of the trial court is affirmed.

DOWD, P. J., and CRIST, J., concur.