**STATE of Missouri, Respondent,**

v.

**Jerome Dante WILLIAMS, Appellant.**

**No. 64760.**

Supreme Court of Missouri,
En Banc.

Nov. 22, 1983.

Dewey L. Crepeau, Al Rose and David Master, Rule 13 Eligible Law Students, David M. Strauss, Columbia, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Jerome Dante Williams was convicted by a jury of rape in violation of section 566.-030, RSMo 1978, and sentenced to twenty years imprisonment. He questions the constitutionality of section 494.020, RSMo 1979, which renders licensed attorneys ineligible to serve as jurors. He alleges the State's closing argument impermissibly attempted to define reasonable doubt, in derogation of MAI–CR 2.20; and that questions to him concerning previous plea bargains exceeded the permissible scope of cross-examination. Reversed and remanded.

Jerome Williams met the victim at a nightclub in Columbia, Missouri. Over the course of the evening in question they exchanged small talk and had a few cocktails together. Ultimately the victim agreed to accompany Williams to the residence he shared with David Tyrey, a paraplegic for whom he served as caretaker. It is disputed whether the victim accompanied Williams for the purpose of procuring hashish or to engage in sexual activity; the testimony concerning their banter at the nightclub is conflicting.

Shortly after their arrival at the defendant's residence Williams dragged the victim

to his bedroom where he allegedly removed her clothing and forcibly raped her. Williams' roommate heard the victim's screams and called the police. The police arrived but the victim left without speaking to them. Four days later the victim decided to notify the police; two weeks later Williams was arrested and charged with rape. There was no medical evidence of intercourse; the evidence consisted almost entirely of the contradictory accounts of victim and defendant.

Peter Davis was among the veniremen assembled for the trial. Davis is licensed to practice law in Wisconsin, the District of Columbia, before the United States Supreme Court and the United States Patent Office. At the time of the trial he was employed as a professor of law at the University of Missouri. Over defense counsel's objection the judge excused Davis pursuant to section 494.020, RSMo 1979. Appellant claims the statute's exclusion of attorneys from jury duty denies him a jury selected from a fair cross section of the community as required by the sixth amendment.

In order to present a sixth amendment claim, the appellant must show that the excluded group is a distinctive class in the community; that the representation of the class in the array of jurors does not fairly and reasonably relate to its numbers in the community; and that the under-representation results from systematic exclusion in the selection process. *State v. Alexander,* 620 S.W.2d 380 (Mo. banc 1981). Because the statute explicitly excludes licensed attorneys, the final requirement is necessarily met. The second requirement is likely to be met in a community where attorneys are present in significant number, such as Columbia, Missouri. Thus, in order to make a *prima facie* case, this appellant need only demonstrate that attorneys comprise a cognizable class.

The federal courts have enunciated certain criteria for the classification of sixth amendment "groups." These criteria are not rigid but must be flexible in order to take into account local geographic and demographic realities. *U.S. v. Potter,* 552

F.2d 901 (9th Cir.1977). Generally, though, the segment of the population in question must have cohesion. There must be a quality or attribute that defines the group. There must be a common thread running through the group that reflects a basic similarity in attitudes, ideas or experiences. Finally, the group must possess a community of interest which may not be represented by other segments of the populace. *U.S. v. Guzman,* 337 F.Supp. 140, 143–44 (S.D.N.Y. 1972), aff'd 468 F.2d 1245 (2nd Cir.1972), *cert. denied,* 410 U.S. 937, 93 S.Ct. 1397, 35 L.Ed.2d 602 (1973).

Appellant argues that attorneys and physicians constitute such cognizable classes but attorneys are altogether excluded, while physicians are entitled to be excused under section 494.031, RSMo 1979. Attorneys and physicians must be licensed by the state. Attorneys subscribe to a code of professional ethics, just as physicians do. Attorneys share common experiences with each other, just as physicians do, and these experiences are not shared by the general populace. Appellant suggests that the excuse applicable to physicians would be a sufficient and less restrictive means of preventing attorneys from serving on juries.

Although a few jurisdictions have considered the possibility that attorneys comprise a class for sixth amendment purposes, none has concluded that the exclusion of attorneys is in any way unconstitutional. *See, e.g., People v. Cohen,* 12 Cal.App.3d 298, 90 Cal.Rptr. 612 (App.1970). The cases examining the possibility of class status recognize that there are strong policy considerations supporting exclusion. In *Cohen* the court noted that attorneys are officers of the court, "a role inconsistent with the function of a (grand) jury which must operate with independence." *Id.* 90 Cal.Rptr. at 618. The court also cited the community interest protected by ensuring the uninterrupted services of attorneys. *Id.* 90 Cal. Rptr. at 617. The Connecticut Supreme Court has similarly held that a state may exclude certain classes, including attorneys, from jury service on the basis of the community's interest in their uninterrupted

work. *State v. Brown,* 169 Conn. 692, 364 A.2d 186 (1975).

In this case the attorney who was excluded from jury service was not licensed to practice in Missouri. Thus, the rationale employed by other courts, that the community has an interest in the uninterrupted service of attorneys, is inapposite.

■ Other policy considerations, however, justify the exclusion of attorneys. An attorney, no matter where licensed, is likely to have the capacity to exert undue influence over his fellow jurors. His knowledge of courtroom procedure may affect his ability to view evidence impartially. He may be more likely to know the attorneys arguing the case before him and his knowledge of their reputations and abilities may color his judgment. The venireman in this case testified that he had probably taught half of the prosecutors and public defenders involved. But, "even if these factors are discounted, in granting that lawyers may be objective and impartial as any other juror, nevertheless confidence in the integrity of the jury system is better maintained if lawyers are excluded from service." *Commonwealth v. Kloch,* 327 A.2d 375 (Pa.Sup.1974).

■ The several rationales and considerations that support the exclusion of attorneys remain important to the integrity of the jury system. Many legitimate objectives justify the exclusion. The statute excluding attorneys from jury service is therefore constitutional and the trial judge's dismissal of venireman Davis was proper.

Appellant alleges that the trial court erred in permitting the State to define reasonable doubt during closing argument. He asserts that the argument improperly directed the jurors simply to use their common sense, and impermissibly characterized the reasonable doubt burden as one of believing either the victim or the defendant, in derogation of MAI–CR 2.20 and in conflict with *State v. Jones,* 615 S.W.2d 416 (Mo.1981).

■ An attorney is free to discuss reasonable doubt during closing argument, *State v. Wilbon,* 561 S.W.2d 133, (Mo.App.

1978); but he cannot attempt to define reasonable doubt, *State v. Belleville,* 530 S.W.2d 392 (Mo.App.1975). He may point out that every doubt is not reasonable doubt, *State v. Shelby,* 634 S.W.2d 481 (Mo. 1982); but he cannot undertake to define reasonable doubt in wholly erroneous terms, even where evidence of guilt is strong, *State v. Jones, supra.*

The questioned remarks follow:

MR. MOSELY: It is not beyond any doubt whatsoever. It is not beyond a shadow of a doubt. It is beyond reason and common sense. And, I told you that you don't have to leave your common sense outside when you walk into the jury room.

Look at what the stories are. Look at who's telling the stories and look at the way they told the stories and then use your common sense and if your common sense tells you—

MR. CREPEAU: I will object, the instruction says to use a reasonable doubt and I will object to the characterization that we have been hearing.

THE COURT: That objection will be overruled. Proceed.

MR. MOSELY: If your common sense tells you that on the morning of July 14th there was sexual intercourse, it was without the consent of Dianna McDowell, and it was accomplished by force, instruction number five says that you will find the Defendant guilty. Look at that instruction and look at the evidence and come back with your verdict. That's all we ask.

■ MAI–CR provides the required instruction on burden of proof and related matters, including reasonable doubt, and it precludes both court and counsel from defining or elaborating upon the instruction. MAI–CR 2d 2.20, Notes on Use; *State v. Sanders,* 541 S.W.2d 782, 784 (Mo. App.1976). Nevertheless, courts have affirmed convictions where counsel has transgressed, either because opposing counsel failed to object, resulting in a stricter standard of review, or because evidence of an

appellant's guilt was strong enough to overcome any error, notwithstanding an objection. *State v. Giannico,* 642 S.W.2d 651 (Mo. banc 1982); *State v. Burnfin,* 606 S.W.2d 629 (Mo.1980); *State v. Geer,* 624 S.W.2d 143 (Mo.App.1981); *State v. Sanders, supra; State v. Belleville, supra.* Convictions have also been affirmed because counsel's remarks, although improper, were not incorrect. *State v. Henderson,* 547 S.W.2d 141 (Mo.App.1976); *State v. Van,* 543 S.W.2d 827 (Mo.App.1976). In other cases, courts have characterized counsel's remarks as "discussion" rather than "definition," and hence have found no reversible error. *State v. Overkamp,* 646 S.W.2d 733 (Mo.1983); *State v. Fleming,* 577 S.W.2d 174 (Mo.App.1979); *State v. Wilbon, supra.* And courts have noted that brief remarks purporting to define "reasonable doubt," although improper, do not result in reversible error so long as counsel does not unduly dwell upon the definition. *State v. Geer, supra,* citing *State v. Belleville* and *State v. Jones, supra.* Thus, for a decision to be reversed on this ground, counsel must state a definition of "reasonable doubt" that is incorrect. Opposing counsel must object at that point or face a stricter standard of review on appeal under which only manifest injustice can merit reversal. If that objection is overruled, the offending counsel must then continue to define "reasonable doubt" for the jury. *State v. Shelby, supra; State v. Jones, supra.*

Counsel's remarks in this case lie within the incidents enunciated above. He attempted to define "reasonable doubt," stating his conception of it twice in the negative and then overtly characterizing the standard as "beyond reason and common sense." He then directed the jurors simply to use their common sense. After a timely objection, overruled by the court, counsel then proceeded to tell the jurors that if their common sense told them that intercourse occurred, it was nonconsensual and forcible, and that therefore they must find the defendant guilty.

Because defense counsel's objection was overruled, the impermissible comments received the "imprimatur of the trial court." *State v. Jones, supra,* at 420. In a case such as this where the evidence of guilt is sharply controverted and resolution of the conflict rests on a determination of which witness to believe, it is particularly true that "the rule announced in *State v. Degraffenreid,* 477 S.W.2d 57 (Mo. banc 1972), may not be applied to excuse as harmless the error in this case." *Id.* at 420. The State's remarks conceivably improperly tipped the balance in favor of conviction.

Because the Court holds that the State's comments in closing were fatally impermissible, it is unnecessary to address appellant's final point of error.

Reversed and remanded.

RENDLEN, C.J., WELLIVER, GUNN, BLACKMAR, DONNELLY, JJ., and HOUSER, Senior Judge, concur.

BILLINGS, J., not sitting.