**STATE of Missouri, Respondent,**

v.

**Glenn TERRY, Appellant.**

**No. 47917.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

July 17, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.

Application to Transfer Denied
Oct. 9, 1984.

Nancy Hentig Narrow, Benton, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, John J. Oldenburg, Jr., Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant was convicted in a court tried case of the class B felony of robbery in the second degree. The trial court sentenced defendant as a prior offender to 15 years imprisonment. We affirm.

Defendant relies on three points in this appeal. In his first point, defendant asserts there was insufficient evidence he was the person who committed the robbery. Our inquiry is limited to whether the evidence, viewed in the light most favorable to the state, is sufficient to support the verdict. *State v. Story*, 646 S.W.2d 68, 72 (Mo. banc 1983). This conviction was based on circumstantial evidence; therefore, our review is governed by *State v. Prier*, 634 S.W.2d 197, 199 (Mo. banc 1982).

Defendant claims he could not have robbed the victim because he was at a basketball game at the time of the robbery. Testimony established the following facts: defendant and two others went to a store where they saw victim, an elderly woman carrying her purse in the parking lot. Defendant and two state's witnesses followed victim's car to where they could see her turn into her house. Defendant then got out of the car he was riding in and ran back toward victim's house. Shortly thereafter, defendant met the two state's witnesses a few blocks away. He was sweating and had victim's purse. They went to defendant's sister's house and defendant searched the purse. Defendant instructed one of the state's witnesses to hide victim's driver's license. The license was subsequently discovered in the fireplace flue. In addition, there was conflicting evidence as

to what time defendant arrived at the basketball game. We find this evidence was sufficient for a conviction.

 In his second point, defendant asserts the trial court erred by convicting him because the two state's witnesses failed to disclose the true benefit of their testimony. Defendant cites *State v. Koonce*, 504 S.W.2d 227, 230 (Mo.App.1973). The evidence in the record, however, shows the prosecutor made no promises in exchange for the testimony of one of the state's witnesses. Further, the prosecutor promised the other state's witness only that he would argue on witness' behalf the testimony he was giving should not be a basis for revocation of his probation on another matter. We are limited to the record made in the trial court, and cannot consider other evidence. *State v. Mayfield*, 562 S.W.2d 404, 410 (Mo.App.1978). We find no evidentiary basis for defendant's complaint.

In his final point, defendant asserts the trial judge erred in not disqualifying himself as the trier of fact because the trial judge was biased in favor of the victim. Defendant asserts the trial judge lived on the same street as the victim, and was familiar with the area. The record on appeal shows only the trial judge was familiar with the area. Even if the trial judge did live on the same street as the victim, this fact does not in itself show bias.

Judgment affirmed.

STEPHAN and GAERTNER, JJ., concur.