STATE of Missouri, Plaintiff,

v.

Jack KUMMING, Defendant.

Jack KUMMING, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 57703, 59279.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 13, 1991.

Brian N. Brown, Asst. Public Defender, St. Louis, for defendant and appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for plaintiff and respondent.

KAROHL, Judge.

Defendant appeals after conviction and sentence on the charge of deviate sexual assault, first degree, in violation of § 566.-070 RSMo 1986 and denial of relief under Rule 29.15 on the ground defendant's *pro se* motion was not verified as required by the rule.

On direct appeal defendant claims the court erred in allowing the prosecuting attorney to ask prospective jurors whether they could consider the possibility that testimony of one witness would be sufficient for the state to meet its burden of proof. We considered and rejected this claim of error in *State v. Crew*, 803 S.W.2d 669, 670 (Mo.App.1991).

Defendant claims the court erred when it found it had no jurisdiction to consider defendant's motion for relief under Rule 29.15. The court found defendant's *pro se* motion was unverified and insufficient to confer jurisdiction. Defendant's post conviction counsel timely filed a verified amended motion. After this case was submitted our Supreme Court decided *Wilson v. State*, —— S.W.2d —— (Mo. banc 1991) (No. 73285, decided July 23, 1991). The court there said:

> Counsel timely filed a verified amended Rule 24.035 motion August 26, 1988. Whether the motion court had jurisdiction over Wilson's post-conviction proceedings when a timely filed, properly verified, amended motion was filed subsequent to the filing of an unverified *pro se* motion is an issue of first impression before this Court. Because the sole deficiency in the *pro se* motion, the absence of verification, was remedied by a timely filed, verified, amended motion that presented the claims litigated in this proceeding, the purpose of the verification requirement was satisfied in this case. *See Kilgore v. State*, 791 S.W.2d 393, 395 (Mo. banc 1990). This Court finds that the motion court had jurisdiction to proceed on the amended motion.

*Wilson* requires a ruling defendant is entitled to consideration on the merits of his amended *pro se* motion.

We affirm the conviction and sentence. We reverse and remand for further proceedings on defendant's Rule 29.15 motion for post conviction relief.

SMITH, P.J., and AHRENS, J., concur.