**STATE of Missouri, Respondent,**

v.

**James MASSEY, Appellant.**

**James MASSEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 57697, 59421.**

Missouri Court of Appeals, Eastern District.

Sept. 24, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 1991.

Application to Transfer Denied Nov. 19, 1991.

Beverly E. Temple, St. Louis, Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of first degree murder and armed criminal action and his sentence by the court as a prior offender to life imprisonment without possibility of parole and to thirty years imprisonment to run consecutively. We reverse and remand. Massey also appeals from the dismissal of his post-conviction motion pursuant to Rule 29.15 without an evidentiary hearing. Our holding on his direct appeal renders that appeal moot.

Defendant's involvement in the murder of Harold Glenn was based upon the testimony of one witness, Rodney Williams. He testified that he, defendant, the victim and a fourth man called Heavy were standing outside the Cabanne Courts apartment complex in the early morning hours. De-fendant and the victim got into an argument and defendant went to a nearby staircase and obtained a handgun. He placed the gun at the temple of the victim and threatened to kill him. The witness turned and began to leave the scene. He heard a shot and when he turned around he observed Glenn lying on the ground and defendant and Heavy running from the scene. He testified further that subsequently defendant made statements to him indicative of defendant having shot Glenn. Williams was an acquaintance of defendant. Defendant presented no evidence.

■ Defendant's sole claim of error on direct appeal concerns the prosecutor's voir dire examination of the jury, particularly his discussion of "reasonable doubt". The full discussion covers five pages of the transcript. Four objections were made, all of them overruled. The first three occurred when the prosecutor was discussing reasonable doubt within the framework of the language of the mandatory reasonable doubt instruction, MAI–CR 3d 302.04. After the third objection the prosecutor continued as follows:

MR. TYSON: Thank you. Do you all understand that? I'm not going to have to eliminate all doubt from your mind before you find the defendant guilty and, in fact, under the law you can have plenty of doubts, frankly, and still find him guilty. But it depends on whether—

MS. TEMPLE: Objection, it's a misstatement of the law.

THE COURT: Overruled.

MR. TYSON: Thank you. It depends on first, whether your doubt is reasonable and second, even if it's a reasonable doubt does it have to do with one of those elements of the crime, okay? Going back to those instructions that define what the crime is. What I have to prove beyond a reasonable doubt are the elements of the crime and again, without going into all of the elements, like I said one of them is going to be that I have to prove that Harold Glenn is dead, okay?

Now, let's take that one because that's going to be pretty much a given or we wouldn't be here at all. If for some

reason I couldn't prove that to you beyond a reasonable doubt, if after listening to all of the evidence you had a reasonable doubt, not just some doubt but a reasonable doubt that he was dead, then obviously you couldn't find this man guilty of murder. But if you find from the evidence all of the elements have been proven beyond a reasonable doubt, then under the law you have to find him guilty, okay? Do you all understand that? And, you know, that may be a little bit of a confusing idea but do you all think you can follow this idea of proof beyond a reasonable doubt and proof beyond a reasonable doubt about the elements of the charges? Okay. Can you all follow that?

Now, the reason that I asked that and the reason I'm going to talk about it a little more is that it is quite common and, frankly, it may be natural for people to want me to eliminate all doubt from your mind, okay? Certainly if I were in your position I would feel a lot better about things if I knew the prosecutor could prove the case beyond all doubt, could wipe all doubt out of my mind about the case. But as a practical matter I can tell you that's not going to happen and the law doesn't require it.

Under the law you can have all kinds of doubts, but if the particular elements have been proven to you then that's enough. And for that matter you could even have doubts about the elements of the charge, so long as they don't rise to that level of a reasonable doubt. In other words, you could have all sorts of speculation, all kinds of what ifs, and those don't matter. Reasonable doubt is something you can describe, you can put your hands on. It's something that's based in reason and common sense.

So if after listening to the evidence you're convinced that those elements have been proven, you know, even if you've got these kind of what if doubts, "Yeah, I think he did it but what if?" that doesn't matter. If it's been proven to you beyond a reasonable doubt then under the law you have to find him guilty, okay?

Now, even after me having said that, and I'm sure you all understand that's what the law is, is there anybody here who thinks that they might really require me to prove everything beyond all doubt? You know, frankly this is the time to talk about it. Nobody should be embarrassed to state that if that's what you feel. I don't see any hands and I will assume I haven't put everybody to sleep yet I hope and I will assume that you can all follow that idea, proof beyond a reasonable doubt only.

The appellate courts of this state have held consistently that counsel may not define for the jury the meaning of "reasonable doubt". *State v. Williams*, 659 S.W.2d 778 (Mo. banc 1983) [5]; *State v. Shelby*, 634 S.W.2d 481 (Mo.1982) [1]; *State v. Belleville*, 530 S.W.2d 392 (Mo. App.1975) [4]; *State v. Morris*, 680 S.W.2d 315 (Mo.App.1984) [2, 3,]. It is apparent from the voir dire examination previously set forth that counsel for the state was attempting at length to do that which is forbidden by the case law.

In *State v. Williams*, *supra*, the court outlined the considerations involved in determining whether a definition of reasonable doubt by counsel requires reversal. Convictions have been affirmed where no objection was made, resulting in a stricter standard of review. Objection was made here. Convictions have been affirmed where the evidence of guilt was strong enough to overcome any error. We are not prepared to say that a case resting on the uncorroborated testimony of a single witness, which testimony contained inconsistencies, is sufficiently strong to overcome the error here. Convictions have been affirmed where the court was able to characterize counsel's remarks as "discussion" rather than "definition". We cannot so characterize the lengthy remarks in this case. Courts have also noted that brief remarks purporting to define "reasonable doubt", although improper, do not result in reversible error so long as counsel does not unduly dwell upon the definition. It cannot even be argued that the remarks here were

brief or that counsel did not dwell on the definition.

Finally, in *Williams*, the court stated that the definition must be incorrect for it to constitute reversible error. The definition utilized here was incorrect. It stated that the jury could have "plenty of doubts", could have "all kinds of doubts but if the particular elements have been proven to you then that's enough". This statement does not require that the elements be proven beyond a reasonable doubt. It further stated that "reasonable doubt is something you can describe, you can put your hands on." Nothing in the mandatory instruction defines the phrase in such language. We are not aware of any law which holds that a reasonable doubt is one which a juror can articulate. The definition given by the prosecutor was incorrect. Further because defense counsel's objection was overruled, the impermissible comments received the "imprimatur of the trial court". *Williams, supra,* [8]. The concept of "proof beyond a reasonable doubt" is a bedrock of our system of criminal justice and an essential aspect of due process. *Cage v. Louisiana*, 498 U.S. ——, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) l.c. 99 S.Ct. at 2787. It should not be watered down or trivialized to the jury. It is for that reason that the courts of this state have consistently condemned efforts to define it other than as provided in the mandatory instruction.

■ For a decision to be reversed on the ground of improper definition of reasonable doubt, counsel must state a definition of "reasonable doubt" that is incorrect, opposing counsel must object at that point or face a stricter standard of review on appeal under which only manifest injustice can merit reversal. If that objection is overruled, the offending counsel must then continue to define "reasonable doubt" for the jury. *State v. Williams, supra,* [6, 7]. All of those criteria have been met here. It is conceivable that the state's remarks improperly tipped the balance in favor of conviction. *State v. Williams, supra,* [8].

Judgment reversed and cause remanded for new trial.

CARL R. GAERTNER, C.J., and SATZ, J., concur.