STATE of Missouri, Respondent,

v.

Danny BROWN, Appellant.

No. 58124.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 17, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 14, 1992.

Application to Transfer Denied
Feb. 25, 1992.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Danny Brown, appeals from his jury trial convictions in the Circuit Court of the City of St. Louis of four counts of forcible rape, RSMo § 566.030 (1986), two counts of forcible sodomy, RSMo § 566.060 (1986), one count of first degree robbery, RSMo § 569.020 (1986), and seven counts of armed criminal action, RSMo § 571.015 (1986), for which he was sentenced, as a prior, persistent offender and a persistent sexual offender, to a total of 231 years imprisonment. We affirm.

Appellant has not challenged the sufficiency of the evidence and we see no reason to discuss the facts below in great detail. It is enough to say that on two separate occasions on January 16, 1989, appellant and Carl Ashford approached women at bus stops and forced them into abandoned buildings. Once inside the buildings, appellant and Mr. Ashford robbed, raped and sodomized the victims. Both victims were able to identify appellant as one of their assailants. Gregory Robinson, the owner of a food store on Martin Luther King Drive, testified at trial that appellant and Mr. Ashford tried to sell him certain items stolen from one of the victims. In addition, some of the items stolen from one of the victims were found in an apartment where appellant was staying.

The cause went to trial on January 30, 1990, and continued until February 1, 1990. On February 1, 1990, the jury returned its verdict of guilty. Appellant was sen-

tenced, as a prior and persistent offender and a persistent sexual offender, on March 2, 1990, to a total of 231 years imprisonment. This appeal followed.

Appellant's first claim on appeal is that the trial court erred in denying appellant's objections and allowing the prosecutor to continue an "erroneous instruction that the burden of proof beyond a reasonable doubt only applied to enumerated 'elements' and verdict directors." We disagree.

During the State's voir dire of the jury panel, the following occurred:

Now that also tells you that this proof beyond a reasonable doubt standard applies only to those elements of the crime. Doesn't apply to anything else, okay. So under the law you can have every doubt in the world about all kinds of things.

MS. BROWN: Your Honor, again this State is attempting to define reasonable doubt stating what the jury can find in terms of reasonable doubt. The Court is going to define for the jury what reasonable doubt is. The State is not permitted to define it.

THE COURT: Okay, I'll overrule that objection.

MR. TYSON: Again, like I said, you can have doubts about everything under the sun so long as it isn't the elements of the crime, okay. If those elements are proven to you beyond a reasonable doubt, then under the law you got to find the defendant guilty, okay.

Now again I can't tell you what the elements are, but it's not going to be whether it's sunny or rainy. I can guarantee you that because there is not a crime that can be committed in the State of Missouri that the weather depends on, okay.

Now it may be important to you, you know, if ten people say it's raining and two people say, no, it was snowing or it was sunny that day, you know, that may cause you to question something about what they're saying, but it's not an element of the crime, okay. It doesn't have to be raining in order to commit a robbery or a murder or anything like that. So it's not an element of the crime, okay.

Ultimately when it comes down to it, only the elements have to be proven to you beyond a reasonable doubt, okay. You all understand that?

 It is clearly error for the State to define "beyond a reasonable doubt," *State v. Carmack*, 633 S.W.2d 218, 219 (Mo.App., E.D.1982). It is not error, however, where the State discusses the concept of "beyond a reasonable doubt" without attempting to define it for the jury. *Id.* We believe the above quoted passage falls into the latter category, as a discussion of the burden of proof rather than a definition.

Appellant contends that this case is similar to *State v. Massey*, 817 S.W.2d 624 (Mo.App., E.D.1991). While we note certain similarities, the most striking of which is that Mr. Tyson represented the State in both cases, we do not believe that the present case falls into the same class of cases as *Massey*.

One of the main problems in *Massey* was Mr. Tyson's continuous attempts at defining reasonable doubt:

Now, the reason that I asked that and the reason I'm going to talk about it a little more is that it is quite common and, frankly, *it may be natural for people to want me to eliminate all doubt from your mind, okay? Certainly if I were in your position I would feel a lot better about things if I knew the prosecutor could prove the case beyond all doubt, could wipe all doubt out of my mind about the case.* But as a practical matter I can tell you that's not going to happen and the law doesn't require it.

*Under the law you can have all kinds of doubts, but if the particular elements have been proven to you then that's enough. And for that matter you could even have doubts about the elements of the charge, so long as they don't rise to that level of a reasonable doubt.* In other words, you could have all sorts of speculation, all kinds of what ifs, and those don't matter. *Reasonable doubt is something you can describe, you can put your hands on. It's something that's based in reason and common sense.*

So if after listening to the evidence you're convinced that those elements have been proven, you know, even if you've got these kind of what if doubts, "Yeah, I think he did it but what if?" that doesn't matter. If it's been proven to you beyond a reasonable doubt then under the law you have to find him guilty, okay?

*Massey*, 817 S.W.2d at 626. Clearly, these statements in *Massey* can not be characterized as merely a "discussion" of reasonable doubt without quite a stretch of the imagination.

In addition, the *Massey* court also relied on the fact that Mr. Tyson's reference to the "elements" of a crime did not require that those elements be proven beyond a reasonable doubt, but only that they be "proven." *Massey*, at 627. In the present case, Mr. Tyson consistently stated that the elements had to be proven beyond a reasonable doubt.

Appellant contends that, by limiting the parameters of the burden of proof to include only the elements of the offense, the State relieved itself of the burden of proving relevant facts such as identification of the victim's attacker. We disagree. In the case at hand, each element of the charged offenses expressly required a finding that *appellant* committed the element set forth in the instruction, *see* MAI–CR3d 320.02.-1B, MAI–CR3d 320.08.1, MAI–CR3d 323.02, MAI–CR3d 332.02. Quite clearly, the identity of appellant had to be proven beyond a reasonable doubt.

■ We believe that this is a closer case than those "discussion" cases presented in the past. *See State v. Simmons*, 602 S.W.2d 13, 16 (Mo.App., E.D., 1980); *State v. Hammond*, 578 S.W.2d 288, 290 (Mo. App., E.D.1979). However, in light of the great discretion that is provided to trial courts in controlling voir dire examination, *Carmack*, 633 S.W.2d at 219, we do not find any error occurred. We further note that, even had this court found error, the great strength of the evidence of guilt presented to the jury would have rendered any error harmless.

■ Appellant next contends that the trial court erred in upholding appellant's conviction where the State unlawfully used information obtained from a parole officer. We note that there was no objection to the presentation of the evidence at trial and there is nothing in the record indicating that any information was obtained from a parole officer. Instead, appellant has sought to "obtain the State's stipulation to this fact which was known to the prosecutor at the time of this trial." The State has not so stipulated in its brief. This court is limited to the record made at the trial level and cannot consider other evidence. *State v. Terry*, 676 S.W.2d 44, 46 (Mo.App., E.D. 1984). As we can find no evidentiary basis for appellant's complaint in the record, we decline to review this point further.

Affirmed.

REINHARD, P.J., and CRANE, J., concur.