STATE of Missouri, Plaintiff–
Respondent,

v.

John F. WRIGHT, Defendant–Appellant.

No. 18231.

Missouri Court of Appeals,
Southern District,
Division Two.

April 26, 1993.

Ellen H. Flottman, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

A jury found defendant guilty of burglary in the second degree and felony stealing, and he was sentenced to two concurrent three-year terms of imprisonment. Defendant appeals. Defendant does not challenge the sufficiency of the evidence to support the conviction. The state's evidence showed that during the evening of December 12, 1991, a shotgun and two rifles were taken from the mobile home of Bruce Heistand in Jasper County. The mobile home had been forcibly entered. The

state's evidence included a confession by defendant.

Neither of defendant's points was contained in his motion for new trial and, accordingly, neither was preserved for appellate review. Rule 29.11(d).[1] Defendant requests review under Rule 30.20 which gives this court discretion to consider plain error affecting substantial rights when it finds that manifest injustice or miscarriage of justice has resulted therefrom.

Defendant's first point is that the trial court plainly erred in giving Instruction 4, based on MAI–CR.3d 302.04, in that the instruction erroneously defined "reasonable doubt." In *State v. Blankenship*, 830 S.W.2d 1, 13[14] (Mo.banc 1992), the court rejected the same contention and said that the instruction has been repeatedly upheld. Defendant's first point has no merit.

Defendant's second point is that the trial court plainly erred "in failing to declare a mistrial sua sponte during the state's closing argument when the prosecutor improperly defined 'reasonable doubt' ... in that the definition improperly conflicted with [Instruction 4] and impermissibly lowered the state's burden of proof."

The prosecutor's closing argument included the following, the emphasized portions of which are challenged by defendant:

Ever since voir dire and through this entire trial, we have talked about a concept that's known as reasonable doubt. And you know from listening to the Court's instructions that there are certain things which the State must prove to you beyond a reasonable doubt. And if the State proves those to you, then you shall find this defendant guilty. If the State does not prove those things to you beyond a reasonable doubt, then you shall find him not guilty.

Instruction No. 4. And by going through some of these instructions, I don't mean to imply that some of them are more important than others, only that we have a limited time to talk to you here today. But *Instruction No. 4 talks about what the concept of reasonable*

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

*doubt is. And you will find in there places phrases that say such things as reasonable doubt—excuse me; proof beyond a reasonable doubt is proof that leaves you firmly convinced. Okay? Instruction No. 4 also talks about common sense. And I think that's very important in this particular case. It says; a reasonable doubt is a doubt based upon reason and common sense. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. The law does not require proof that overcomes every possible doubt. Common sense is one of those reasons we have a jury system, because every one of you bring things into this jury panel here today, and certainly common sense is one of those items you bring in.* And I think it's going to be very important as we look at the evidence we have here today.

In *State v. Newlon,* 627 S.W.2d 606, 616 (Mo.banc 1982), the court said:

[R]elief should be rarely granted on assertions of *plain error* as to closing argument, for where no objection was lodged, trial strategy is an important consideration and such assertions are generally denied without explication. This because the absence of objection, request for admonishment to disregard, or for other relief narrows the trial court's options, requiring uninvited interference with summation and a corresponding increase of the risk of error by such intervention. (Emphasis in original; citing authorities.)

■ On plain error review, "improper argument will justify reversal only if its effect is decisive on the jury's determination; and the defendant is saddled with the burden of demonstrating such effect." *State v. Wren,* 643 S.W.2d 800, 802 (Mo.1983).

In *State v. Williams,* 659 S.W.2d 778, 781–82 (Mo.banc 1983), the court said:

MAI–CR provides the required instruction on burden of proof and related matters, including reasonable doubt, and it precludes both court and counsel from defining or elaborating upon the instruc-

tion. MAI–CR 2d 2.20,[2] Notes on Use. Nevertheless, courts have affirmed convictions where counsel has transgressed, either because opposing counsel failed to object, resulting in a stricter standard of review, or because evidence of an appellant's guilt was strong enough to overcome any error, notwithstanding an objection. Convictions have also been affirmed because counsel's remarks, although improper, were not incorrect. In other cases, courts have characterized counsel's remarks as "discussion" rather than "definition," and hence have found no reversible error. And courts have noted that brief remarks purporting to define "reasonable doubt," although improper, do not result in reversible error so long as counsel does not unduly dwell upon the definition. Thus, for a decision to be reversed on this ground, counsel must state a definition of "reasonable doubt" that is incorrect. Opposing counsel must object at that point or face a stricter standard of review on appeal under which only manifest injustice can merit reversal. If that objection is overruled, the offending counsel must then continue to define "reasonable doubt" for the jury. (Citing authorities.)

■ It is improper for counsel to define "reasonable doubt," *Williams, supra,* at 781; *State v. Roe,* 845 S.W.2d 601, 604 (Mo.App.1992); *State v. Brown,* 822 S.W.2d 529, 530 (Mo.App.1991); *State v. Massey,* 817 S.W.2d 624, 626 (Mo.App. 1991), but it is permissible for counsel to discuss the concept with the jury. *Roe,* at 604; *Brown,* at 530; *State v. Simmons,* 602 S.W.2d 13, 15–16 (Mo.App.1980); *State v. Hammond,* 578 S.W.2d 288, 290 (Mo. App.1979).

Defendant's brief states: "In [*Williams*], the court found reversible error where the prosecutor told jurors simply to use their 'common sense' in determining the defendant's guilt. This comes remarkably close to the prosecutor's comments herein."

**2.** Former MAI–CR 2d 2.20 is now MAI–CR 3d   302.04, on which Instruction 4 was based.

In *Williams,* the court, at 782, described the prosecutor's argument as follows:

He attempted to define "reasonable doubt," stating his conception of it twice in the negative and then overtly characterizing the standard as "beyond reason and common sense." He then directed the jurors simply to use their common sense. After a timely objection, overruled by the court, counsel then proceeded to tell the jurors that if their common sense told them that intercourse occurred, it was nonconsensual and forcible, and that therefore they must find the defendant guilty.

*Williams* is distinguishable for several reasons. In *Williams,* the matter had been preserved for appellate review by timely objection. No objection was made in the case at bar, and the review here is for plain error. In *Williams,* the evidence of guilt was sharply controverted. Here the evidence of guilt was quite strong. In *Williams,* counsel told the jurors simply to use their common sense. No such statement was made here.

A comparison of the prosecutor's remarks with MAI–CR.3d 302.04 shows that the remarks, viewed in context, may properly be classified as a discussion of the concept of reasonable doubt rather than an attempt to define that concept. There was no conflict between the remarks and the instruction. The remarks did not lower the state's burden of proof.

This court holds that the challenged remarks of the prosecutor did not constitute plain error. Defendant's second point has no merit.

The judgment is affirmed.

PREWITT and GARRISON, JJ., concur.