STATE of Missouri, Respondent,

v.

Steven WOLD, Appellant.

Steven WOLD, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 63069, 64340.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 14, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 28, 1994.

Application to Transfer Denied
Sept. 20, 1994.

Susan K. Eckles, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

A jury found defendant, Steven Wold, guilty of second degree assault on a police officer by recklessly causing Police Officer Russell Boyer serious physical injury by kicking Boyer's hand during a confrontation on November 20, 1990, in violation of § 565.-082.1(2) RSMo Cum.Supp.1993, a class B felony. The jury also found Wold guilty of recklessly causing, on the same day and location, physical injury to Sergeant Bruce Kahmke by kicking him, a violation of § 565.-080.1(1) RSMo Cum.Supp.1993, a class A misdemeanor. The court found defendant to be a prior, persistent and class X offender and imposed concurrent sentences of seven years and one year. The trial court denied defendant's motion for post conviction relief under Rule 29.15 without an evidentiary hearing. We consider four claims of error in the direct appeal and one claim of error on denial of post conviction relief.

Defendant claims the court erred in denying a motion for mistrial and a motion for new trial because of "improper remarks in front of the jury ... because the court's remarks prejudiced appellant in the eyes of the jury in that the trial court violated its responsibility to appear impartial before the jury." Defendant alleged in his motion for new trial that he was entitled to a mistrial "due to the court's own misconduct." He claims that the court's response to a timely and proper legal objection was inappropriate and suggested to the jury that defense counsel was making an invalid objection which violated the court's responsibility to appear impartial in front of the jury. The law regarding this claim of error was set forth in length by this court in *State v. Koonce*, 731 S.W.2d 431, 441 (Mo.App.1987). We there noted the requirement of absolute impartiality by the court. We also noted the factors to be considered in determining the propriety of judicial comments.

The standard of review on the claim of trial court misconduct is whether the conduct prejudiced the minds of the jury

against defendant and thereby deprived him of a fair trial. *State v. Koonce,* 731 S.W.2d 431, 441 (Mo.App.1987) (citing *State v. Puckett,* 611 S.W.2d 242, 244 (Mo.App.1980)). Resolution of the claim of prejudice depends upon the context and the words. *Id.* In addition to maintaining absolute impartiality, the court must maintain a neutral attitude and avoid any demonstrated hostility which might impair the appearance of impartiality. *State v. Clay,* 763 S.W.2d 265, 268 (Mo.App. 1988).

All of the evidence in this trial was presented by the state and defendant in one day. Counsel for both parties tried the case without incident prior to the following dialogue which occurred during the testimony of Officer Russell Boyer. As a preliminary to testimony regarding the charged felony assault, the witness identified himself as an employee at a local restaurant. Prior to that he stated he had been employed by the City of Maplewood, the City of Northwoods and the City of St. John as a police officer. He had worked as a police officer for ten years. The following then occurred.

Q. Okay. And after ten years you decided to leave the police force?

A. Yes.

MS. McGRAUGH: Objection, leading, Your Honor.

THE COURT: *So what?*

MS. McGRAUGH: Pardon me.

THE COURT: *So what?*

MS. McGRAUGH: I take it that's overruled.

THE COURT: Yeah. (Our emphasis)

The prosecuting attorney continued the direct examination with questions to prepare the witness for testimony involving the elements of the charged crime. Before reaching that substantive testimony the following occurred.

MS. McGRAUGH: Your Honor, may I approach the bench briefly?

THE COURT: Um-hum.

(Counsel and reporter approached the bench, and the following occurred out of hearing of the jurors)

MS. McGRAUGH: I didn't make this motion earlier because I didn't want to highlight the fact. I think that if you thought that my objection was improper, I would have appreciated it if you would have just overruled it.

This is the second time—I think once during voir dire when you made an objection to a question of mine as being unfair, that was the first time; and this is the second time.

THE COURT: Okay.

MS. McGRAUGH: I'm going to ask for—any appearance of impropriety, Judge, I think that makes it look—it not only prejudices the jury, but what do you think my client is sitting there thinking when you make a response like that? I'm going to move for a mistrial.

THE COURT: She makes the statement that you—she makes the statement to Mr. Boyer, "after ten years you decided to leave police work?" You said, "object, leading." That's the silliest objection, Susan. So what?

MS. McGRAUGH: Because we don't know why he left, Judge. I think that opens the door. I can ask—

THE COURT: You can ask him all you want about that.

MS. McGRAUGH: It's a leading question, Judge; and if it's overruled, it's overruled. And why do you have to make a statement like "so what?" It makes it look to the jury like I don't know how to do my job.

I think that's improper. And, you know, if you think I'm doing something wrong let me know. But I, at least, ask—my client deserves the appearance that you're being—that you're not choosing up sides; and I deserve it.

You know that's a leading question and it's a valid objection.

THE COURT: It's a valid objection.

MS. McGRAUGH: And I would ask in the future, Judge, if I've done something to make you angry then you take me in the back and tell me what it is. I will object to being treated like that in front of the jury; that's the second time today.

THE COURT: Okay.

MS. McGRAUGH: I'm going to move for the mistrial.

THE COURT: Motion for mistrial will be denied.

The defense attorney objected to the leading question when the prosecutor began questioning the witness regarding his decision to leave the police force of the City of St. John. It is conceivable the circumstances under which this witness, the victim of the assault, left the employment of the City of St. John, could have been relevant both on substantive issues and on witness credibility. The trial court's apparent conclusion that the subject of the question was preliminary and insignificant was, at least, premature. The court erred when it overruled the objection. The objection was timely and in due form. Even if the subject of the question was incidental or merely foundation for future testimony, the proper ruling would be to sustain the objection. Accordingly, we conclude for purposes of this opinion that the ruling on the objection was erroneous and the manner in which the ruling was made was unjustified.

■ Defendant argues that the remark "prejudiced appellant in the eyes of the jury" because it demonstrated the court had chosen sides against defendant. We find no support for defendant's conclusion or the claim of prejudice.

The questions for the jury to decide were really matters of credibility of the two prosecuting witnesses, one for each charge; but the incident about which defendant now complains on appeal, did not touch the question of credibility. Both witnesses were police officers at the time of the assaults. They were called to a residential area where defendant lived with his mother and father. They were summoned by defendant's father who met the police officers and requested that they remove defendant from the residence. In the process, defendant became aggressive and kicked each of the officers. One sustained a temporary injury, the other, a broken bone and permanent injury. Defendant did not testify. He called his father as a witness. The father testified that defendant had been drinking and was verbally abusive. During the critical events regarding the kicking, defendant's father said he had his back turned most of the time. He saw no wrestling on the ground as the officers testified. He conceded on cross-examination that his son had been drinking and was very belligerent.

Applying the previously noted legal principles, we find the statement "So what?" did not necessarily suggest to the jury that defense counsel was making an invalid objection or that the court was taking sides on substantive issues. We have carefully reviewed the entire record in this case and find that the circumstances under which Boyer left the employment of the City of St. John as a police officer were never developed by either party. There was no connection made between the subject matter of the testimony and some other version of the facts which might bear on the issue of credibility. Stated affirmatively, the events did not become relevant on either a substantive or a credibility issue. Neither the improper ruling on the objection nor the response of the court were connected to a disputed issue so as to support any claim of prejudice. We find the trial court's conduct and ruling did not deny defendant a fair trial. Point denied.

■ Defendant's second claim of error relates to a *Batson v. Kentucky* challenge to a peremptory strike of one venireperson. 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). At trial, defendant timely challenged three strikes, and the court sustained one of the challenges. The state next offered an explanation for its strike. As a question of fact, we find the court did not err when it accepted the state's explanation for the strike of a venireperson which included reference to a previous arrest of her son and a reaction which suggested "she would be less likely . . . to give the police officers a fair hearing." In this case, the police officers were not merely investigators, they were the prosecuting witnesses and victims of the crimes. Each charge was for the assault on a police officer. Defendant contends that an explanation based upon demeanor alone, not substantiated on the record, is not sufficient for a strike. He does not contest the explanation on the basis that it was pretextual, only

on the basis that it was unsupported. The finding of the trial court was not clearly erroneous. *State v. Parker*, 836 S.W.2d 930, 939 (Mo. banc 1992). Point denied.

■ Defendant's third claim of error is the court erred in overruling an objection to voir dire questions regarding the need for no more than one witness to prove elements of the charged crime. This is the third time we have considered this issue. We held in *State v. Crew*, 803 S.W.2d 669, 670 (Mo.App.1991) and *State v. Kumming*, 812 S.W.2d 571, 572 (Mo.App.1991) that this inquiry was permissible. Point denied.

■■ Defendant's last direct appeal claim of error is the court erred when it overruled a timely objection to the prosecutor's questions during voir dire concerning reasonable doubt because the prosecutor incorrectly defined the term, lessening the state's burden of proof. Attorneys may not define the term "reasonable doubt" for the jury. *State v. Massey*, 817 S.W.2d 624, 626 (Mo.App.1991). However, it is not improper to discuss the concept. *State v. Roe*, 845 S.W.2d 601, 604 (Mo.App.E.D.1992). The test is whether (1) an incorrect definition of reasonable doubt is used, (2) a timely objection is raised, and (3) if the objection is overruled, the state continues to define the concept. *Id.*

■ In this case, the prosecutor told the jury defendant was presumed innocent, it was "up to the State of the [sic] Missouri to prove him guilty." The prosecutor attempted to limit the burden of proof to a determination on the elements of the charges, not to incidental matters that need not be proven. The prosecutor referred to weather conditions, hypothetically, in order to distinguish proof of the elements of the crimes from proof of incidental matters. The prosecutor said "Ultimately, when it comes down to it, only the elements have to be proven to you beyond a reasonable doubt, okay. You all understand that?" We approved a similar inquiry and discussion of the concept of burden of proof in *State v. Brown*, 822 S.W.2d 529, 530 (Mo.App.1991). Point denied.

For defendant's final effort to obtain a new trial, he claims the court erred when it denied Rule 29.15 relief without an evidentiary hearing. He alleges he was denied effective assistance of trial counsel when his attorney failed to request a mistrial after the state pointed out during voir dire that he might not testify. The prosecutor asked the venire whether anyone knew defendant's family. She assumed by their silence that no one did. She then said, "The defense in this case may or may not call any witnesses—." The court overruled an immediate objection. Counsel did not request a mistrial.

■ For several reasons this point is denied. . First, the reference is uncertain. Four persons, defendant, defendant's father and the two police officers who were assaulted, witnessed the events which were the subject of the charges. Because there was a defense witness in addition to defendant who may or may not testify, defendant's father, it was not a certain reference to defendant. This distinguishes the case from those where there is only one prosecuting witness and a defendant but no one else with knowledge of the facts pertaining to the criminal act. In those cases, the statement would have been a certain reference to defendant and his testimony because it could refer to no one else.

■ A prosecuting attorney's comments which have the effect of forcing a defendant to testify are just as condemnable as direct comments on a defendant's failure to testify and create the possibility of prejudice denying the defendant a fair trial. *State v. Lindsey*, 578 S.W.2d 903, 903–4 (Mo. banc 1979). The supreme court reversed the conviction in *Lindsey* when the prosecutor referred to defendant by name and said he "doesn't have to go forward with any evidence if he doesn't wish to. He doesn't have to take the stand if he doesn't want to—." *Id.* at 903. The trial court sustained an objection but denied a mistrial. The statement made in *Lindsey* is a direct and certain reference to the defendant and testimony by the defendant. In deciding the case, the court was concerned with whether a statement by the prosecutor during voir dire could have the effect of compelling a defendant to testify. It quoted at length from *Coleman v. State*, 111 Ind. 563, 13 N.E. 100, 101 (1887): "The effect of the remarks must have been either to coerce

the defendant to testify, as has been said, 'with a halter about his neck,' or to induce him to remain silent, with knowledge that the jury had been challenged in the outset to observe whether or not he would go upon the stand under the goad of the prosecutor's statement." *Id.* at 904. We find the present reference had no such effect. The prosecutor referred to "any witness," and there was an available witness other than defendant.

Second, defendant called his father as a witness. The possibility of prejudice was thereby minimized. The focus of the prosecutor's statement became the affirmative, "defendant may call a witness," not the negative.

Third, the Southern District of this court approved a similar statement in *State v. Shanz*, 716 S.W.2d 472 (Mo.App.1986). It held a statement during voir dire that "defendant may or may not present evidence" was only an uncertain reference to defendant's right not to testify and did not violate defendant's right against self incrimination in a case in which the defendant and his wife were not the only possible defense witnesses. *Id.* at 476. In *Shanz*, defendant presented on direct appeal the issue we now consider on review of a 29.15 ruling. Defendant's claim his trial counsel was ineffective for failing to request a mistrial fails where under existing law, a mistrial, if requested, was not required.

We affirm.

CRANE, P.J., and CRAHAN, J., concur.