**STATE of Missouri, Respondent,**

v.

**Anthony WHITE, Appellant.**

**No. 49333.**

Missouri Court of Appeals, Eastern District, Division Three.

July 23, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

Application to Transfer Denied Nov. 21, 1985.

Beth S. Ferguson, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Here the defendant's only challenge is to the state's voir dire questions. He contends these improperly discussed proof beyond a reasonable doubt.

The state's evidence showed: Two men, one later described as defendant, left the victim's store each man carrying a bag of stolen merchandise. They discarded the bags when police neared the store. Defendant ran and tried to avoid arrest. After temporarily evading police he was arrested and identified by the victim.

A jury found defendant guilty of stealing and the trial court sentenced him as a prior and persistent felon to ten years in prison. This appeal followed.

Bearing in mind the state's case was based on circumstantial evidence we summarize the prosecutor's challenged voir dire.

The Prosecutor asked:

"Is there anyone here who would hold me to a higher standard of proof than beyond a reasonable doubt? Is there anyone here who would say that because my evidence didn't indicate that somebody saw Anthony White break into that building,.... Is there anybody here who would feel that if I didn't have somebody come in to testify that they saw him actually break in the place as opposed to having somebody come in and testify that they saw him near the place they saw him with items that originated from that place.... Is there anybody who would hold me to having an eyewitness who actually saw the event, that would feel that it would be necessary to have somebody say that yes, I saw this man break the window? Would anybody require me to have that person come in to court as being beyond a reasonable doubt?"

Defense counsel objected:

"I'm going to object. I think this an improper voir dire question. He's asking the jury panel what kind of evidence they would need to convict.... I would object, it's an improper voir dire question. The Prosecutor is asking the jury panel what kind of evidence they would require for a conviction, which is improper."

The objection was overruled.

The Prosecutor continued:

"Does anybody on this panel at all feel that as a necessary element of proof it would be absolutely necessary positively to have somebody say I saw him break in the building?"

Defense counsel again objected:

"Your Honor, again I object. The Prosecutor is asking the jury panel what kind of evidence they would require for a conviction. I believe that's an improper voir dire question."

Again the objection was overruled.

As said, by defendant's only point he contends the quoted questions were improper discussions of reasonable doubt.

We first note MAI–CR2d 2.20 Burden of Proof:

"The fact that the defendant has been charged with an offense is not evidence, and it creates no inference that any offense was committed or that the defendant is guilty.

The defendant is presumed to be innocent unless and until, during your deliberations upon your verdict, you find him guilty. This presumption of innocence places upon the state the burden of proving beyond a reasonable doubt that the defendant is guilty.

If the evidence in this case leaves in your mind a reasonable doubt as to the defendant's guilt you must return a verdict of 'Not Guilty'."

Defendant here relies primarily on *State v. Jones,* 615 S.W.2d 416 1.c. 420 (Mo.1981). The court there condemned the prosecutor's repeated argument that the state was required only to show "reasonable belief" in defendant's guilt. In contrast, as noted in MAI–CR 2.20, the jury must be "firmly convinced" of defendant's guilt. So the JONES case is not in point here.

In the defendant's other case, *State v. Williams,* 659 S.W.2d 778[5–7] (Mo. banc 1983), the court reversed on the ground that in argument the prosecutor twice erroneously defined reasonable doubt as "beyond reason and common sense." Relying on JONES, supra, the court reversed. Again we hold defendant's cited case is not in point.

Cases cited by the state support its contention the trial court did not err in allowing the prosecutor's voir dire statements. In this we bear in mind that here the state was relying solely on circumstantial evidence.

In *State v. Crockett,* 419 S.W.2d 22[3–7] (Mo.1967) the court ruled:

"No fixed and inflexible rule may be laid down which may in all cases determine the extent to which counsel may go in the examination of jurors upon voir dire. Such examination is conducted under the supervision of the trial court, and in such matters the court necessarily has considerable discretion."

We followed this in *State v. Carmack,* 633 S.W.2d 218[4, 5] (Mo.App.1982).

On voir dire counsel may probe the venire to determine preconceived prejudices that would prevent them from following the court's instructions. *State v. Neal,* 591 S.W.2d 178 [3] (Mo.App.1979). As ruled in *State v. Granberry,* 484 S.W.2d 295 [4, 5] (Mo. banc 1972):

"... liberal latitude is allowed in the examination of the jurors on their voir dire.... there can be no tenable argu-

ment made that it should be prohibited from making such inquiries as would allow it to exercise the same intelligently."

We conclude the trial court did not err in holding the state's voir dire questions were not prejudicially erroneous.

The judgment is affirmed.

DOWD, P.J., and CRIST, J., concur.