STATE of Missouri,
Plaintiff–Respondent,

v.

Kevin JOHNSON, Defendant–Appellant.

No. 55143.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 1, 1989.

Renee Murphy Oswald, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Kevin Johnson, appeals from his conviction, after a jury trial, of robbery in the second degree. Defendant was sentenced to imprisonment for ten years. We affirm.

Defendant does not challenge the sufficiency of the evidence to support his conviction. We therefore review the facts in a light most favorable to the verdict.

On June 22, 1987, victim and two friends were proceeding down Labadie Street when they stopped to talk to a group of acquaintances. Defendant approached victim and hit him in the back of the head. When victim fell to the ground, defendant took two necklaces from him, without his permission, kicked him, and left. Upon defendant's departure, victim returned home and reported the incident to the police. A day later, victim and friend saw defendant wearing one of the necklaces. The police took defendant into custody at which time they took a necklace from him. During subsequent questioning, defendant stated he had a fight with victim and took the necklace from him.

At trial, defendant presented testimony that he acted in self-defense and that victim gave the necklaces in question to him.

On appeal, defendant first alleges the trial court erred in refusing to instruct the jury on the lesser included offense of *stealing from a person.* Stealing from a person is a class C felony. Section 570.030.-3(2), RSMo (1986).

Instructions on lesser included offenses are only necessary if justified by the evidence and requested by one of the parties. *State v. Cole,* 753 S.W.2d 39, 41 (Mo.App. 1988). The instruction requested by defendant was the lesser included offense of *misdemeanor stealing,* Section 570.030.-3(3)(k), RSMo (1986). There is nothing in the record to indicate that defendant at any time prior to this appeal, requested an instruction incorporating the lesser included offense of stealing from a person.

In addition, defendant was not entitled to an instruction on a lesser included offense under the evidence. Such an instruction is justified only if there is substantial evidence which could form a basis for acquittal of the higher offense and a basis for conviction of the lower. *State v. White,* 738 S.W.2d 590, 592 (Mo.App.1987). When a defendant denies the commission of the charged act and there is no evidence to mitigate the offense or provide a different version, instructing down is not required. *Id.* Under the evidence in this case, defendant was either guilty of robbery in the second degree or he was not guilty of any crime. There was no error. Defendant's first point is denied.

Defendant next claims that the trial court erred in failing to quash the jury panel because the State engaged in racial discrimination under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Defendant, a black man, was tried by a jury comprised of five black and seven white members.

We have reviewed the record and find defendant's contention to be without merit. A written opinion on this point would serve no jurisprudential purpose. Defendant's second point is denied pursuant to Rule 30.25(b).

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.