STATE of Missouri,
Plaintiff–Respondent,

v.

John CREW, Jr., Defendant–Appellant.

No. 54723.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 19, 1991.

Janet M. Thompson, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant was found guilty by a jury and sentenced to serve twenty-five years on Count I, forcible rape; nineteen years on Count II, forcible sodomy; nineteen years on Count III, forcible sodomy; ten years on Count IV, first degree burglary; and twenty-one years on Count V, armed criminal action. All sentences were consecutive to each other. Defendant appeals claiming the evidence in support of Count II did not prove conduct prohibited as deviate sexual intercourse by § 566.060 RSMo Cum.Supp.1990. The state agrees and suggests the sentence on Count II be vacated. Defendant seeks a new trial on the remaining four Counts by arguing the court erred in allowing comments during voir dire which impermissibly attempted to commit the jury to a future course of conduct.

It is reversible error for an attorney during voir dire to attempt to obtain from the venire a commitment or a pledge to act in a specific way if certain facts are elicited or certain contingencies arise at trial. *State v. Neal,* 591 S.W.2d 178, 181–182 (Mo.App.1979). However, counsel may probe the venire to determine preconceived prejudices that would prevent the jurors from following the court's instructions. *State v. White,* 699 S.W.2d 19, 21 (Mo.App. 1985). We review a ruling on an objection during voir dire examination to determine whether the ruling was a manifest abuse of discretion resulting in a real probability of

injury to defendant. *State v. Tarkington*, 794 S.W.2d 297, 299 (Mo.App.1990). Applying these principles to the following facts we find no abuse of discretion and no prejudice.

■ Here, the prosecuting attorney sought to determine whether any member of the venire panel *could* not or would not *be able* to find the defendant guilty of the charges if the only evidence of guilt of the acts charged consisted of the testimony of a single witness, the victim. Generally, the charges involved entry into the victim's home, use of a knife and acts of rape and sodomy. The only available witness of the ultimate facts of identification of defendant and of the criminal acts depended upon the testimony of the victim. The prosecutor could have directly and simply asked the venire or the members of the venire whether they *could* find a defendant guilty if they believed the testimony of a single eye witness. A question in that form would not commit any juror to a course of conduct.

■ In the present case a more complicated scenario occurred. The prosecutor explained to the venire that the state may bring in one witness to provide the facts which the state has to prove. She then said:

> And we don't put on anything else. All right? And that person has provided what I call the elements. When I say "elements," I mean the facts that prove rape, okay? I mean, you believe that person beyond a reasonable doubt and there is one sole person up here. Okay? Under the law, you must find the defendant guilty.

Defendant objected and the court overruled the objection that this statement was "asking for a commitment from the jury before they have heard any evidence in the case." After the ruling, the prosecuting attorney restated and repeated at considerable length a general message that it would be legally sufficient if the state proved its case by a single witness. One venire person then asked, "Are you saying that I'm supposed to convict a person without hearing the evidence, or." Ultimately the prosecutor explained:

> What I'm trying to impress upon you, there is no requirement, one witness or twenty-six witnesses, you are to base it on the evidence, you know, not as to how many people troop in here and you believe that person beyond a reasonable doubt, they provide the elements, that's all that is required under the law.

For a number of reasons we find no abuse of discretion and no prejudice in overruling an objection that the questioning attempted to commit a venire person to a course of conduct.

First, in context, the many statements of the prosecuting attorney were intended to determine whether any venire person had a preconceived prejudice against deciding the issues on the merits based solely on the testimony of a single eye witness. That is proper. *White*, 699 S.W.2d at 21. Secondly, no venire person ever answered the various questions interspersed in the lengthy comments of the prosecuting attorney. Accordingly, there is nothing to indicate any venire person was committed to find the defendant guilty of the charges solely on the basis of the testimony of one eye witness. Nor is there any indication the state's burden of proof of each element of each charge was reduced.

The statement which drew defendant's objection recognized the duty of the state to prove all elements of the charges beyond a reasonable doubt and it was the function of the jury to determine credibility of a single witness if there was only one witness to prove the elements. Given the nature of the charges, the inquiry, however inartful, did not commit any juror to a result. Obviously, what was intended was the statement, "You *may* find a defendant guilty solely on the testimony of a single eye witness if the testimony proves all elements of the charge beyond a reasonable doubt and you find the testimony credible." The line of questioning before and after the statement, the objection and the court's ruling indicate defendant was not prejudiced.

We affirm the conviction on Counts I, III, IV and V. We remand only the conviction on Count II with directions that the court vacate the conviction and sentence on that Count II only.

PUDLOWSKI, P.J., and GRIMM, J., concur.