STATE of Missouri, Respondent,

v.

Marvin G. ROBINSON, Appellant.

No. WD 43527.

Missouri Court of Appeals,
Western District.

Jan. 14, 1992.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
March 3, 1992.

Application to Transfer Denied
April 21, 1992.

David S. Durbin, Appellate Defender, Anthony C. Cardarella, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before BERREY, P.J., and ULRICH and HANNA, JJ.

ROBERT G. ULRICH, Judge.

Marvin G. Robinson appeals from the judgment entered following the jury verdict convicting him of second degree robbery. § 569.030, RSMo 1986. Mr. Robinson contends the trial court committed error by: (I) overruling his motion to strike a venireperson for cause; (II) refusing to allow him to question venirepersons regarding traffic citations; (III) allowing the state's witness to testify about the nature of Mr. Robinson's statements made during his interrogation; (IV) overruling his objections to comments made by the prosecutor during closing argument; (V) refusing to submit appellant's lesser included offense instruction; and (VI) submitting an instruction regarding his intoxicated condition. Judgment is affirmed.

Mr. Robinson and two companions were waiting outside a corner convenience store when Mr. Margo, the victim, approached the store. Mr. Robinson asked Mr. Margo for a dollar, to which Mr. Margo responded, "I don't have one." Mr. Margo proceeded into the store to make his purchases. When Mr. Margo exited the store, Mr. Robinson placed his hand on Mr. Margo's right shoulder and said, "I asked you for a dollar. Now I'm going to take it all." Mr. Margo responded "No, man—," but before he could finish his protest, Mr. Robinson turned Mr. Margo around while one of Mr.

Robinson's companions grabbed Mr. Margo's hair and pulled him to the ground. Mr. Robinson held Mr. Margo on the ground by the back of the neck while he and his companions beat Mr. Margo. Mr. Robinson attempted to remove the contents of Mr. Margo's pocket. Mr. Margo surrendered the three one dollar bills in his pocket.

The altercation was interrupted by the arrival of a police officer who witnessed the robbery. The officer's presence caused Mr. Robinson and his two companions to run from the scene. Mr. Robinson sought refuge in the convenience store. The police officer approached Mr. Margo, verified a robbery had occurred, and escorted him inside the store to make a positive identification. Mr. Margo identified Mr. Robinson as his assailant. The police officer then arrested and searched Mr. Robinson. Mr. Margo's three one dollar bills were retrieved from Mr. Robinson's pocket.

The trial court determined Mr. Robinson to be a class X offender prior to trial. The state presented its case and the defense presented no evidence. After deliberation, the jury found Mr. Robinson guilty of robbery in the second degree pursuant to § 569.030.

## I.

For his first point on appeal Mr. Robinson claims that the trial court improperly refused to grant his challenge for cause striking Venireman Gordon. Mr. Robinson contends that Venireman Gordon refused to accept the presumption of innocence doctrine as evinced by the following dialogue between appellant's trial attorney and Venireman Gordon during *voir dire:*

Mr. Munday: If you had to vote right now, without hearing any evidence, you would not vote not guilty?

Venireman Gordon: I would not vote period. I couldn't vote. I haven't heard any evidence.

Mr. Robinson also objects to the trial court's comments made in response to this answer. The court stated: "That's a rather hypothetical question because obviously I would not, under any circumstances, tell anybody to vote before they heard the evidence.... [T]heir responses are understandable."

■ The trial court is afforded broad discretion in determining a venireperson's qualifications. *State v. Feltrop,* 803 S.W.2d 1, 7 (Mo. banc 1991). The denial of a challenge for cause will not be reversed unless the trial judge clearly abused his discretion and appellant demonstrates that he suffered a real probability of injury. *Id.* This court resolves any doubts as to the propriety of the ruling in favor of the trial court, who is in a more advantageous position to judge the venireperson's ability to impartially render a decision. *State v. Walton,* 796 S.W.2d 374, 378 (Mo. banc 1990).

■ The court instructed the jury on the presumption of innocence doctrine, and, when asked if any members of the venire were unable to follow this instruction, no venireperson raised a hand. Additionally, appellant's attorney repeatedly inquired and explained Mr. Robinson's presumption of innocence. Venireman Gordon did not at any time demonstrate inability or unwillingness to comply with doctrine. The record is void of any indication that Venireman Gordon could not impartially follow the law. Therefore, the trial court's denial of Mr. Robinson's challenge for cause against Venireman Gordon was proper.

■ Mr. Robinson also challenges as improper the trial court's comments that Venireman Gordon's response was "understandable." However, Mr. Robinson failed to object to the trial judge's statement when it was made, thereby failing to preserve the issue for review. *State v. Nevills,* 530 S.W.2d 52, 55 (Mo.App.1975). Since the issue was not raised during *voir dire* and in appellant's motion for new trial, the issue is not preserved for review. *Id.* Mr. Robinson's first point is denied.

## II.

■ Mr. Robinson next challenges the trial court's refusal to allow him to ask the venire whether anyone had ever received a traffic citation. Mr. Robinson contends

---

that this limitation of his *voir dire* examination unfairly frustrated his efforts to secure a full panel of qualified jurors. Mr. Robinson asserts two purposes for his question. First, the reference to traffic citations was to illustrate the presumption of innocence doctrine, and second, it was to demonstrate that a charged offense is not evidence of guilt.

Appellate courts "review a ruling on an objection during voir dire examination to determine whether the ruling was a manifest abuse of discretion resulting in a real probability of injury to [the] defendant." *State v. Crew*, 803 S.W.2d 669, 669–70 (Mo. App.1991). In this case, the trial court did not abuse its discretion and no real probability of injury to Mr. Robinson occurred.

The trial court, as well as the attorneys, informed the venire of both the presumption of innocence doctrine and the principle that the information which charged the offense is not evidence. The court read MAI–CR 3d 300.02 to the venire, which informs that "[t]he charge of an offense is not evidence, and it creates no inference that any offense was committed or that the defendant is guilty of an offense." Additionally, both prosecutor and defense counsel repeatedly asked the venire if any of its members could not follow these doctrines. The members of the venire made no response. Mr. Robinson's intended purposes for questioning the venire about traffic citations were satisfied by the court's statements and the attorneys' inquiries during *voir dire*. Therefore, the trial judge did not abuse its discretion in refusing to allow respondent's attorney to question the venire about traffic citations, neither was Mr. Robinson injured by the court's action. Mr. Robinson's second point is denied.

### III.

■ Mr. Robinson next challenges the admission of a portion of Detective Scott's testimony into evidence. Mr. Robinson argues that Detective Scott's answer to the prosecuting attorney's question, which asked if the detective considered statements made by Mr. Robinson to be a confession, invaded the province of the jury.[1] Mr. Robinson avers that whether a statement is a confession is for the jury to decide, citing as support *State v. Statler*, 331 S.W.2d 526, 530 (Mo.1960). However, *Statler* explains the state's burden of proving the voluntariness of a confession made by a person in custody. *Id.* *Statler* states that where the issue of voluntariness is close, the question should be submitted to the jury. *Id.* *Statler* does not support Mr. Robinson's argument that the detective should have been precluded from answering whether Mr. Robinson's statements were a confession. *Id.*

■ Detective Scott was asked by the prosecutor during redirect examination whether he thought the statements by Mr. Robinson were a confession. The prosecutor asked this question because Mr. Robinson had attempted to challenge during the cross-examination of Detective Scott whether the statements were made. Mr. Robinson tried to discredit the detective's testimony because Detective Scott did not videotape Mr. Robinson making the statements nor did he obtain Mr. Robinson's signed statement, as the officer normally does when a suspect makes a confession.

The question asked the witness's opinion about the nature of Mr. Robinson's statements. Detective Scott was asked the question as partial explanation for not memorializing Mr. Robinson's statements as is his practice when he perceived statements of a person in custody to constitute a confession. "The trial court has great discretion in determining the extent of redirect examination and its decision will be reversed only if defendant can show both an abuse of discretion and prejudice." *State v. Westrich*, 800 S.W.2d 78, 81 (Mo.App. 1990). The trial court did not abuse its discretion because the prosecutor was introducing evidence to explain Detective Scott's conduct, a matter raised during cross-examination by appellant. *State v.*

---

1. Mr. Robinson's statements referenced in this point on appeal are more fully detailed in Point VI of this opinion.

*Lingar,* 726 S.W.2d 728, 734–35 (Mo. banc 1987). Appellant's third point is denied.

## IV.

Mr. Robinson argues for his next point on appeal that the trial court erred in overruling his objection to certain of the prosecutor's comments during closing argument. Mr. Robinson chose not to testify. The prosecutor stated, "Now, let's look at the defense a moment here. What's the defense in this case." Mr. Robinson contends that these remarks were an improper comment on Mr. Robinson's failure to testify.

■ The trial court is afforded broad discretion in controlling closing argument. *State v. Mahurin,* 799 S.W.2d 840, 844 (Mo. banc 1990). Both an abuse of discretion and prejudice must occur before the trial court's decision to permit or deny comments during closing argument will be disturbed. *Id.* However, parameters restrict the trial court's discretionary authority.

■ Missouri law strictly forbids the state from commenting on a defendant's failure to testify. *State v. Sidebottom,* 753 S.W.2d 915, 920 (Mo. banc 1988). The prosecuting attorney is proscribed from making both direct and indirect references to the defendant's failure to testify. *State v. Lawhorn,* 762 S.W.2d 820, 826 (Mo. banc 1988). "[A] direct reference to the failure of the defendant to testify will almost invariably require reversal of the conviction...." *Id.* "This rule does not prohibit a prosecutor from making reference to the defendant's failure to offer evidence." *Sidebottom,* 753 S.W.2d at 920. The Missouri Supreme Court has distinguished the difference between direct and indirect references: "A direct reference to an accused's failure to testify is made when the prosecutor uses words such as 'defendant,' 'accused' and 'testify' or the equivalent. An indirect reference is one reasonably apt to direct the jury's attention to defendant's failure to testify." *Lawhorn,* 762 S.W.2d at 826.

■ The prosecutor's comments in the present appeal do not qualify as a direct reference "because none of the words characterizing such a comment were used." *Id.* The prosecutor's statement were at best an indirect reference. Even if the comments were deemed to be an indirect reference on Mr. Robinson's silence it was still proper for the trial court to overrule appellant's objection. "[A]n indirect reference is improper only if there is a calculated intent demonstrated by the prosecutor to magnify that decision so as to call it to the jury's attention." *Id.* There was no "calculated intent" by the prosecutor. *Id.* Her remarks were addressing Mr. Robinson's potential defense of misidentification and dispelling it as a probable defense. Therefore, the trial court did not abuse its discretion. Mr. Robinson's fourth point is denied.

## V.

■ Mr. Robinson contends that the trial judge erred in refusing his offered lesser included offense instructions of felony stealing and misdemeanor stealing. Section 556.046.2, RSMo 1986, states: "The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." Mr. Robinson asserts that evidence was entered to support a verdict acquitting him of second degree robbery and convicting him of one of the lesser included offenses. Mr. Robinson maintains the evidence demonstrates that a jury could find he did not use "physical force," an element of second degree robbery, when stealing the three dollars from Mr. Margo. The record does not support Mr. Robinson's contention.

Mr. Margo testified appellant used physical force to rob him of three dollars. Mr. Robinson grabbed Mr. Margo by the shoulder and said, "I asked you for a dollar. Now I'm going to take it all." Mr. Robinson then turned Mr. Margo around while one of Mr. Robinson's companions grabbed Mr. Margo by the hair and pulled him to the ground. Mr. Robinson held Mr. Margo down on the ground by the back of the neck while he and his companions beat Mr.

Margo. Mr. Robinson then tried to reach into Mr. Margo's pocket to remove its contents but, instead, Mr. Margo surrendered three one dollar bills. Mr. Robinson's exertion of physical force in stealing the money from Mr. Margo was attested to by Officer Huggins' testimony. Mr. Robinson presented no evidence controverting these facts.

This court has held that "[t]he 'basis' spoken of in § 556.046.2 must be more than mere possibility and speculation." *State v. Green*, 812 S.W.2d 779, 787–88 (Mo.App. 1991). The record is devoid of evidence indicating that Mr. Robinson did not use physical force when he robbed Mr. Margo. Appellate courts have consistently held " '[w]here the evidence of the appellant's guilt is strong and substantial ... and clearly shows the commission of a more serious crime, it is unnecessary to instruct on the lesser included offense.' " *Id.* at 788 (quoting *State v. Boyd*, 629 S.W.2d 434, 437 (Mo.App.1981)). The record is replete with strong and substantial evidence supporting the jury's determination that Mr. Robinson employed the use of physical force when he robbed Mr. Margo. Therefore, the trial court properly refused to instruct the jury on lesser included offenses. Mr. Robinson's fifth point is denied.

## VI.

Mr. Robinson argues for his last point that the trial court erred in instructing the jury on his voluntarily intoxicated condition. The court instructed the jury with MAI–CR 3d 310.50, which states: "You are instructed that an intoxicated condition from alcohol will not relieve a person of responsibility for his conduct." Mr. Robinson argues that no evidence demonstrated his impairment by voluntary intoxication. Mr. Robinson asserts that Detective Scott's statement that appellant "gave the appearance of someone that was coming down from a drunk" because he was "pensive and rather subdued when I [Detective Scott] talked to him," illustrates his lack of intoxication.

Mr. Robinson told Detective Scott that he had been drinking for 24 hours prior to the robbery. Detective Scott also testified that Mr. Robinson informed him "that he [Mr. Robinson] was an alcoholic, that he had drinking problems, that he suffered from blackout when he drank heavily." Detective Scott further testified that Mr. Robinson stated "that he had been drinking heavily for the past 24 hours and that, in his words, he was in another world. He told me that he did not remember committing the robbery but that he did not remember anything because he was in this blackout." Mr. Robinson also informed the detective that "he had been drinking heavily gin and beer...."

This evidence supports the submission of MAI–CR 3d 310.50. The Notes on Use § 4 for MAI–CR 3d 310.50 states:

> If there is no evidence of involuntary intoxication, and it may fairly be inferred from the evidence that the defendant was intoxicated ... to such an extent that his judgment and actions were substantially affected thereby, ... this instruction ... must be given upon a written request in proper form by the state....

The evidence fully supports the giving of this instruction. *State v. Beatty*, 770 S.W.2d 387, 393 (Mo.App.1989). Mr. Robinson's last point on appeal is denied.

The judgment of the trial court is affirmed.

All concur.