**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Monica NORTON, Defendant–Appellant.**

No. 21143.

Missouri Court of Appeals,
Southern District,
Division One.

June 3, 1997.

Ellen H. Flottman, Asst. Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Gregory L. Barnes, Assistant Attorney General, Jefferson City, for plaintiff-respondent.

PREWITT, Judge.

Defendant appeals from her conviction of second-degree robbery following a jury trial. She was sentenced as a prior and persistent offender to thirty years imprisonment.

On April 10, 1996, a loss-prevention officer at the Famous–Barr store at the Northpark Mall in Joplin, noticed Appellant and two other women carrying large shopping bags from another store into the Famous–Barr store. The officer observed Defendant put several men's shirts into a bag and exit the store without paying. The officer then attempted to recover the merchandise and to apprehend Defendant in the parking lot outside the store.

Upon being confronted by the loss-prevention officer, who grabbed Defendant by the arm, Defendant dropped the bag and began pushing and struggling with the officer. Defendant verbally protested and then called to one of her companions to mace the officer. A mall security officer then arrived and De-

fendant was taken to the Famous–Barr store and later turned over to Joplin police. At trial, Appellant conceded that she had stolen the shirts, but claimed she did not forcibly steal them and instead used force only to escape from the loss-prevention officer.

On appeal, Appellant presents two points. For her first point, she challenges the sufficiency of the evidence, claiming there was insufficient evidence from which a jury could find beyond a reasonable doubt that she used force for the purpose of taking or retaining the stolen shirts.

In reviewing to determine if the evidence was sufficient to support the charge, the evidence favorable to the state is accepted as true, including reasonable inferences drawn from the evidence, and all evidence and inferences to the contrary are disregarded. *State v. Collins*, 875 S.W.2d 247, 248 (Mo.App. 1994). The test is whether the evidence, so viewed, was sufficient to make a submissible case from which rational jurors could have found beyond a reasonable doubt that Appellant was guilty. *Id.*

A person commits the crime of robbery in the second degree when he forcibly steals property. Section 569.030, RSMo 1994. "[A] person 'forcibly steals,' and thereby commits robbery, when in the course of stealing ... he uses or threatens the immediate use of physical force upon another person for the purpose of ... [p]reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking." Section 569.010(1)(a), RSMo 1994.

At trial, the loss prevention officer who confronted Appellant testified about the incident:

Q: ... What is your first priority as a security officer at, at Famous–Barr? ... Is it your first priority to make an apprehension, or is it your first priority to recover the property?

A: ... Recover the property.

....

Q: Okay. So you reached out to grab [Appellant's] arm, and what happened next?

A: Well, I reached out for her arm and the merchandise, I believe and it was at that point when she stepped back, and she dropped the merchandise and started making statements, something to the effect that, "I don't know what you're talking about. Leave me alone. Get away."

....

Q: ... What happened next?

A: During the time that I had hold of her, she had hold of me, and she was resisting the apprehension. We kind of moved over to a guardrail, at which time [Appellant] called one of the other females over and asked to bring her pepper mace.

....

Q: ... How long did you show [security badge] ...?

....

A: Long enough to say, ... "Excuse me, ladies. I'm with Famous–Barr Loss Prevention. I need for you to come back to the office with me."

....

Q: And then what happened?

A: The other two ladies separated from us. [Appellant] had the merchandise, which is my evidence, so I wanted to apprehend her and recover the merchandise.

....

Q: ... Did you grab the bag first, or did you grab the bag and her at the same time? How did that happened?

A: I attempted to grab the bag as she pulled away, so I grabbed hold of her and still went for my merchandise.

Q: And you stated earlier that she dropped the bag, is that right?

A: Yes.

Q: Okay. So she dropped the bag on the floor. At that point, did you go for the bag or for her?

A: I still had hold of her. As I was reaching down to get the merchandise, she started pushing and started struggling.

....

Q: All right. Did you sustain any injuries as a result of this?

A: Yes. I, I was maced in the face and in the neck, on my arms. I sustained, I think it was three scratches from my neck clear

down to my chest here, a bruise on my chest, a bruise on my hip.

Q: Okay. I assume that after the scuffle at some point Northpark Mall security showed up, is that correct?

A: It was after one of the other females had maced me, and I was still bringing [Appellant] into the store. I just reached and picked up my merchandise, and that's when mall, Northpark Mall security arrived.

Q: Okay. So you were able to hang onto the Defendant, and you were able to recover the merchandise, then, is that correct?

A: Yes.

■ From the above testimony, a rational juror could infer Appellant used physical force upon the loss-prevention officer to retain the property she had taken from the store. As the officer reached for the merchandise, Defendant "started pushing and started struggling." The jury could have found that Appellant began struggling with the officer not only to avoid apprehension but to retain the property she had taken. *See State v. Robinson,* 735 S.W.2d 80, 81 (Mo. App.1987). Under the applicable standard of review, we conclude that the evidence was sufficient to make a submissible case. Point one is denied.

For her remaining point, Appellant claims the trial court erred in refusing to instruct the jury on the lesser included offense of misdemeanor stealing.

■ A trial court is required to instruct the jury on lesser degrees of the offense charged and on lesser-included offenses only if some affirmative evidence establishes that an essential element of the greater offense is lacking. *State v. Williams,* 708 S.W.2d 705, 709 (Mo.App.1986). Such evidence must be sufficient to authorize acquittal on the greater offense while sustaining a conviction on the lesser offense. *Id.* The evidence that forms the basis of acquittal of the higher offense and conviction of the lower must be substantial. *State v. Johnson,* 774 S.W.2d 557, 558 (Mo.App.1989). The basis must be more than mere possibility and speculation. *State v. Robinson,* 825 S.W.2d 877, 882 (Mo. App.1992).

■ "A person commits the crime of stealing if he appropriates property . . . of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion." Section 570.030.1, RSMo 1994. As Appellant points out, misdemeanor stealing can be a lesser-included offense of second-degree robbery. *State v. Williams,* 708 S.W.2d at 708. A person may be convicted of felony stealing if the value of the property or services appropriated is $150.00 or more. Section 570.030.3(1), RSMo 1994. At least under certain circumstances felony stealing can be a lesser-included offense of second-degree robbery. *Williams,* 708 S.W.2d at 708. *See also Robinson,* 825 S.W.2d at 881 and *Johnson,* 774 S.W.2d at 558.

At trial the prosecutor twice sought to introduce evidence as to the value of the shirts taken by Appellant. Both times Appellant's trial counsel objected on the grounds that such evidence was irrelevant to the charge of second-degree robbery, which does not require that the value of the property exceed a certain amount. Both times the prosecutor stated that he was introducing the value of the property in anticipation of defense counsel submitting a lesser-included offense of stealing. Upon the first attempt to introduce value, the transcript reveals:

Appellant's counsel: Your Honor, the value of these shirts is totally irrelevant. Value is not being alleged as far as being an element of this crime, and, therefore, it's irrelevant.

Prosecutor: Well, Judge, I agree, the way we've got it charged is a robbery second. [Appellant's counsel] has indicated that his client's guilty of stealing. He's as much as said so in the opening statement, so I'm assuming he's going to . . . offer a lesser included of felony stealing, which value will have to be proved in that case. So if [Appellant's counsel] is not going to offer a lesser included on stealing, then I've really got no point, there's really no reason to prove the value here.

After the trial court sustained the objection on different grounds, the prosecutor la-

ter made a second attempt which the transcript reflects as follows:

> Appellant's counsel: And, again ... the value of these items are not at issue in this particular trial, and so we object they're trying to establish how much it's worth at this point.
>
> The court: Well, in the opening statement ... [Appellant's counsel] in effect admitted to ... stealing, but not a robbery. And if you're going to ask for a lesser included offense of stealing, I'm going to allow it to come in unless you waive that.
>
> Appellant's counsel: Well, Judge, I believe there is no lesser included in—
>
> Prosecutor: Okay. Well, that's, I think—
>
> The court: That isn't important, then.
>
> Prosecutor: Yeah. Judge, I'll withdraw the question.
>
> The court: All right.

Respondent State asserts that Appellant waived the lesser-included offense. At trial, prior to the court's instructions to the jury, and on appeal, Appellant argues that although the value of the stolen property may be an element of felony stealing, it is not one of misdemeanor stealing. Hence, according to Appellant, she did not waive the lesser-included offense of misdemeanor stealing.

■ As Appellant contends, the value of property, while relevant to the grade of a stealing offense, is irrelevant to a charge of robbery. *See, e.g., Hagan v. State*, 836 S.W.2d 459, 462–63 (Mo. banc 1992). The trial court indicated it was going to allow the evidence of value to be admitted unless Appellant waived the right to submit a lesser-included offense of stealing. Whether that evidence should have been admitted, we need not decide.

■ Although it is somewhat unclear whether Appellant intended to waive submitting a lesser-included on stealing, the trial court and opposing counsel took it as a waiver. If they were incorrect, then Appellant's counsel had ample opportunity to correct that assumption, and did not do so. The giving of a lesser-included instruction may be waived. *Mercer v. State*, 666 S.W.2d 942, 946–47 (Mo.App.1984). *See also State v.*

*Paxton*, 126 Mo. 500, 29 S.W. 705, 709 (1895). Concluding that Appellant waived the giving of the requested instruction, the point is denied.

The judgment is affirmed.

BARNEY, P.J., and GARRISON, J., concur.